IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, # 289114, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 9:11-918-SB |
| v. ) | |
| ) | **ORDER** |
| Helen Rose Roper, Esq., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon the Plaintiff's pro se complaint against Defendant Helen Rose Roper, Esquire, ("Roper") which was filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff alleges emotional distress and pain and suffering caused by Roper's alleged ineffective assistance of counsel.

The record contains a report and recommendation ("R&R") of a United States Magistrate Judge, which was made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d). In the R&R, which was filed on May 5, 2011, Magistrate Judge Bruce Howe Hendricks recommends that the Court summarily dismiss the Plaintiff's complaint without prejudice based on the fact that Defendant Roper, who served as the Plaintiff's court-appointed attorney, did not act under color of state law.

Attached to the R&R was a notice advising the Plaintiff of his right to file written objections to the R&R within fourteen days of being served with a copy of that report. See 28 U.S.C. § 636(b)(1). On May 19, 2011, the Plaintiff filed objections to the R&R, wherein he disagrees with the Magistrate Judge's recommendation and contends that his attorney did act under color of state law. He reiterates that Roper has caused him emotional distress and pain and suffering and asks that the Court appoint counsel to represent him.

Importantly, nowhere in his objections does the Plaintiff actually respond to the Magistrate Judge's legal analysis.

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis of those objections. Id.

After review of the entire record, the R&R, and the Plaintiff's objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards, and the Court finds that the Plaintiff's objections are without merit. As the Magistrate Judge stated, to state a claim pursuant to section 1983, a plaintiff must allege (1) the violation of a constitutional right (2) by a person acting under color of state law. Moreover, an attorney--whether retained, court-appointed, or a public defender--does not act under color of state law and is therefore not amenable to suit pursuant to 42 U.S.C. § 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Here, the Court agrees with the Magistrate Judge that the Plaintiff has named a Defendant who has not acted under color of state law. Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 8) is adopted and incorporated; the Plaintiff's objections (Entry 11) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without issuance and service of process for want of state action.

AND IT IS SO ORDERED.

_____
Sol Blatt, Jr.
Senior United States District Judge

May **24**, 2010
Charleston, South Carolina

#3